# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Commodity Futures Trading Commission, | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff(s), | |
| v. | Case Number: 23-cv-436-JWB-SGE |
| Richard Miller, Flip 2 Futures Trading Company LLC, Punch Drunk Marketing LLC, | |
| Defendant(s), | |

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

**IT IS HEREBY ORDERED** that Defendant's Motion for Default Judgment (Doc. No. 42) is **GRANTED** as follows:

**PERMANENT INJUNCTION**

1. Based upon and in connection with the foregoing Findings of Fact and Conclusions of Law, pursuant to 7 U.S.C. § 13a–1, Defendants Miller and Flip 2 Futures are permanently restrained, enjoined, and prohibited from directly or indirectly:

   a. Employing any device, scheme, or artifice to defraud or engaging in any transaction, practice, or course of business that operates as a fraud or deceit upon any pool participant or client while acting as a CTA and/or an AP of a CTA in violation of 7 U.S.C. § 6*o*(1)(A)–(B);

   b. Soliciting funds from the public and/or any pooled investment vehicle for the purposes of engaging in discretionary trading of futures contracts on their behalf, without being registered with the Commission as a CTA in violation of 7 U.S.C. § 6m(1);

1

c. Act in any capacity involving the solicitation of a client's or prospective client's discretionary trading account without being registered with the Commission as an AP of a CTA in violation of 7 U.S.C. § 6k(3) and 17 C.F.R. § 3.12(a);

d. Operating improperly as a CTA by soliciting, accepting, or receiving from an existing or prospective client funds, securities, or other property in the CTA's name to purchase, margin, guarantee, or secure any commodity interest of the client in violation of 17 C.F.R. § 4.30(a);

e. Operating improperly as a CTA by failing to deliver to any prospective client a Disclosure Document prepared in accordance with Commission Regulations in violation of 17 C.F.R. § 4.31(a); and

f. Failing to make, keep, and/or make available to the Commission required records in violation of 17 C.F.R. §§ 1.31, 4.33.

2. Miller and Flip 2 Futures are also permanently restrained, enjoined, and prohibited from directly or indirectly:

a. Trading on or subject to the rules of any registered entity, as defined in 7 U.S.C. § 1a(40);

b. Entering into any transactions involving "commodity interests," as defined in 17 C.F.R. § 1.3, for their own personal account or for any account in which they have a direct or indirect interest;

c. Having any commodity interests traded on their behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided in 17 C.F.R. § 4.14(a)(9); or

g. Acting as a principal, as defined in 17 C.F.R. § 3.1(a), agent, or any other officer or employee of any person, as defined in 7 U.S.C. § 1a(38), registered, exempted from

registration, or required to be registered with the Commission, except as provided in 17 C.F.R. § 4.14(a)(9).

## RESTITUTION AND CIVIL MONETARY PENALTIES

### A. Restitution

3. Pursuant to 7 U.S.C. § 13a–1(d)(3)(A), Defendants shall pay, jointly and severally, restitution in the amount of $364,000.00 ("Restitution Obligation"). If the Restitution Obligation is not paid within 60 days of this Order, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

4. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' pool participants, the National Futures Association ("NFA") is appointed as Monitor. The Monitor shall receive restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as a court officer in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

5. Defendants shall make Restitution Obligation payments and any post-judgment interest payments to the Monitor in the name "Miller/Flip 2 Futures/PDM–Restitution Fund" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, IL 60606 under cover letter that identifies the paying Defendant(s) and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

6. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' pool participants identified by the Commission or may defer distribution until such time as the

Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative cost of making a distribution to eligible pool participants is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Section B below.

7. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' pool participants to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment, or other financial institution, wherever located, to make partial or total payment toward the Restitution Obligation.

8. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' pool participants during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

9. The amounts payable to each pool participant shall not limit the ability of any pool participant of proving that a greater amount is owed from Defendants or any other person or entity, and nothing in this Order shall be construed in any way to limit or abridge the rights of any pool participant that may exist under state or common law.

10. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each pool participant of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the Restitution Obligation that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

11. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B. Civil Monetary Penalties**

12. Pursuant to 7 U.S.C. § 13a–1(d)(1), Flip 2 Futures and Miller shall jointly and severally pay a civil monetary penalty of $900,000.00, and PDM shall pay a civil monetary penalty of $750,000.00 (collectively, "CMP Obligations").

13. Defendants shall pay their CMP Obligations by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> HQ Room 181
> Oklahoma City, OK 73169
> Telephone: (405) 954-6569
> Fax: (405) 954-1620
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligations with a cover letter that identifies the payor and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, DC 20581.

**C. Provisions Related to Monetary Sanctions**

14. **Partial Satisfaction:** Acceptance by the Commission or the Monitor of any partial payment of Defendants' Restitution Obligation or CMP Obligations shall not be deemed a

waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

**MISCELLANEOUS PROVISIONS**

15. **Notice:** All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

> Notice to Commission:

> Paul G. Hayeck
> Deputy Director
> Commodity Futures Trading Commission
> 1155 21st Street, NW
> Washington, DC 20581

> Notice to Defendants Richard Miller and Flip 2 Futures Trading Company LLC:

> 12042 68th Cir. NE,
> Otsego, MN 55330-4234

> Notice to National Futures Association:

> Daniel Driscoll, Executive Vice President, COO
> National Futures Association
> 300 S. Riverside Plaza, Suite 1800
> Chicago, IL 60606-3447

All such notices to the Commission or the NFA shall reference the name and docket number of this action.

16. **Change of Address/Phone:** Until such time as Defendants satisfy in full their Restitution Obligation and CMP Obligations as set forth in this Order, Defendants shall provide written notice to the Commission by certified mail of any change to their telephone number and mailing address within ten calendar days of the change.

17. **Invalidation:** If any provision of this Order or if the application of any provision or circumstance is held invalid, the remainder of the Order and the application of its provision to any other person or circumstance shall not be affected by the holding.

18. **Injunctive and Equitable Relief Provisions:** The injunctive and equitable relief provisions of this Order shall be binding upon Defendants, upon any person under the authority or control of any of the Defendants, and upon any person who receives actual notice of this Order, by personal service, email, facsimile, or otherwise insofar as he or she is acting in active concert or participation with Defendants.

19. **Continuing Jurisdiction:** This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by Defendants to modify, or for relief from, the terms of this Order.

20. **Service of this Order:** The Commission must serve a copy of this Order on each Defendant and file proof of service upon doing so.

Date: 12/5/2024                                                KATE M. FOGARTY, CLERK